# SUPREME COURT.

## Edward J. Tinkham agt. John B. Borst.

The title to the rights of action against a *corporation* on its dissolution, as to the personal estate, passes either at common law to the *people* of the state, or under the statute, to a *receiver* appointed by the court to wind up its affairs.

A *creditor* of such corporation (in another state, with judgment and execution returned unsatisfied) cannot, therefore, sustain an action against such corporation, unless he shows, ('in his complaint,) that the right of action does not pass to the people of the state under which it is incorporated, or to a receiver under its laws, or that the state cannot, or refuses to give relief, or that the receiver colludes with the defendants, or that no receiver can be appointed.

*New-York Special Term, April,* 1857.

Demurrer to complaint. These facts are stated in the complaint, 2d count. The defendant was the owner of the whole capital of the American Exchange Bank of New-Jersey, amounting to $50,000, except $250, and that was held by several persons in trust for him. He fraudulently withdrew from the bank all the assets in its coffers, amounting to $16,000, with a view to defraud the plaintiff and other creditors of the bank, and converted them to his own use. The state treasurer held securities to protect the bills of the bank; these were sold by him, and the proceeds all used in redeeming the bills. The plaintiff is the only present creditor of the bank; he had a claim against it, and obtained a judgment in New Jersey, and issued execution thereon, but it was returned unsatisfied. The business of the bank has been wound up, and the corporation dissolved, by the court of chancery of New Jersey, and it has now no legal existence. The stockholders of the bank, other than the defendant, are insolvent.

The third count *seems* intended to allege some of the same facts, and adds that the defendant has never paid his subscription.

H. H. Burlock, *for plaintiff.*

H. C. Van Vorst, *for defendant.*

Tinkham agt. Borst.

MITCHELL, Justice.   It is plain that the omission to pay up the subscription, and the fraudulent abstraction of the funds of the bank, taking place while the bank was in existence, gave a cause of action to the bank,. and to it alone, while it existed.

The complaint does not show what is the law of New-Jersey, as to the effect of a dissolution of a corporation.   It must, therefore, be assumed to be as it is at common law, by which " on the civil death of a corporation, its *personal* estate in Eng-land vests in the king, and in our country in the people or. state, as succeeding to this right and prerogative of the crown." (*Ang. & Ames on Corp.* 667 ; 2 *Kent Com.* 307.)   The right of action against the defendant, then devolved on the state of New-Jersey, and the only remedy of the plaintiff was by petition to the state to have his just rights recognized, or to have leave to sue in the name of the state.

If, however, as we may infer, there is a special statutory provision in that state, authorizing the chancellor to appoint a receiver of an insolvent corporation, " with power to take into his possession all the goods and chattels, rights and cred-its, choses in action, &c., and property of every description belonging to the company at the time of its dissolution," (*see Hoyt* agt. *Thompson,* 1 *Selden,* 323, 324,) then the title passes to such receiver or remains in the state until the receiver is appointed.   If the receiver is appointed, the title being in him, the plaintiff cannot sue, and so it is also if no receiver is appointed, as then the title remains in the state.

A corporation on its dissolution, is thus like a natural person on his death, the title to the rights of action of the latter does not pass to his creditors, or next of kin, but to his executors or administrators.   There are cases in which a creditor or a next of kin, may sue the debtor of the deceased, as where the executor is colluding with the debtor, or is insolvent and not to be trusted with the fund ; but then the executor is still to be made a party, and the action has the same effect as if he were plaintiff; so also, if one next of kin has alone a right to administer on the estate and *refuses to administer and prevents the other from administering,* and he is debtor to the estate, another

of the next of kin may sustain an action against him. Such were *Long* agt. *Majestre administrator & Tardy*, (1 *J. C. R.* 305,) and *McDowl* agt. *Charles*, (6 *J. C. R.* 132.) Here there are no such special circumstances. It is not shown that the right of action does not pass to the state of New-Jersey, or to a receiver under its laws, or that the state cannot, or refuses to give relief, or that the receiver colludes with the defendant, or that no receiver can be appointed.

The demurrer to the 2d and 3d counts, must be sustained, and judgment be given on them, with costs, when final judgment shall be entered, unless the plaintiff elect to amend, and bring in the receiver with proper averments.